(R.D. 11567)

SERVICE AFLOAT, INC. ⎫
HOWARD HARTRY, INC. ⎬ v. UNITED STATES
⎭

Entry No. 218607, etc.

(Decided July 23, 1968)

*Glad & Tuttle* for the plaintiffs.

*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

RICHARDSON, Judge: The reappraisement appeals enumerated in the schedule of reappraisement appeals annexed hereto and made a

part hereof were submitted to the court for decision upon a stipulation which reads:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the court:

1. That the merchandise covered by the appeals for reappraisement enumerated on Schedule "A" attached hereto and made a part hereof consists of either Grank [sic] Bank 32 foot or Grand Bank 42 foot motor cruisers exported from Hong Kong between August 1965 and March 1966, and that, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely sold or offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment, to the United States, were the invoice unit prices, net packed, including when so appraised, the appraised value of the American Goods Returned.

2. That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

3. That the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

4. That the appeals for reappraisement as set forth in the Schedule "A" attached may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I conclude as matters of law:

1. That export value as defined in 19 U.S.C.A., section 1401a(b) (section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) is the proper basis for determination of the values of the involved motor cruisers.

2. That such values are the invoice unit prices, net packed, including when so appraised, the appraised value of the American goods returned.

Judgment will be entered accordingly.